**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Henry Richardson, ) | No. CIV 05-0096-PHX-MHM (GEE) |
| )<br>Petitioner, ) | **REPORT AND**<br>**RECOMMENDATION** |
| )<br>vs. ) | |
| )<br>Somberg; et al., ) | |
| )<br>Respondents. ) | |
| ) | |

On January 10, 2005, Charles Henry Richardson, an inmate confined in the Arizona State Prison Complex at Globe, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [#1][1]  The petitioner asserts the following grounds for relief: (1) his Fourth Amendment rights were violated when he was forced to submit to a blood test; (2) counsel was ineffective by failing to defend the petitioner; (3) his Eighth Amendment rights were violated when he was held without bail and because his sentence was disparate in comparison to a white person who was similarly situated; and (4) his due process rights were violated during post-conviction proceedings.  Before the court are the Petition for Writ of Habeas Corpus, the respondents' answer and the petitioner's reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.  The Magistrate Judge recommends the District

---

[1] Clerk's record number.

Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus.

Summary of the Case

Richardson pleaded guilty to aggravated assault and aggravated driving while under the influence (DUI) pursuant to a plea agreement. (Respondents' answer, Exhibit A.) The court sentenced Richardson to 7.5 years' imprisonment for the aggravated assault and 4 months' imprisonment as a condition of probation for the aggravated DUI. *Id.*, Exhibit F.

On November 9, 2001, Richardson filed a notice of post-conviction relief. (Respondents' answer, p. 3.) He filed the petition on July 24, 2002. *Id.* In that petition, Richardson argued (1) counsel failed to subject the case to meaningful adversarial testing, (2) counsel did not file any pretrial motions, (3) counsel did not challenge the grand jury indictment on the issue of intent, (4) the trial judge did not grant him release and counsel failed to file a motion for a release hearing, (5) counsel failed to examine the van's power steering, (6) counsel failed to investigate the illegal blood test, (7) counsel never showed Richardson the state's discovery, (8) counsel failed to appear for a probation investigation hearing, (9) counsel failed to move for a mitigation hearing, (10) counsel failed to inform Richardson of an amended indictment, (11) counsel was reassigned, was no longer in trial group, and had no incentive to prepare for trial, (12) the plea was not knowing and voluntary, (13) the sentence was excessive, (14) the sentence was disproportionate, (15) the sentence did not comply with *Solem v. Helm*, (16) the plea offer was disproportionate, (17) the sentence did not comply with *Smith v. State*, (18) the sentence was discriminatory citing *Yick Wo v. Hopkins*, (19) the sentence was disproportionate citing *Wayte v. United States*, (20) the sentence was not proportionate to others in the state, and (21) counsel was ineffective by failing to challenge the element of intent. (Respondents' answer, Exhibit C.) The trial court denied the petition on September 25, 2002. *Id.*, Exhibit D. Unfortunately, Richardson was not mailed a copy of this denial until sometime the following year. *Id.*, Exhibit F, p. 3; (Petitioner's reply, Exhibit A.)

On August 21, 2003, Richardson filed an "Addendum" to his petition for post-conviction relief. (Respondents' answer, p. 4; Exhibit H.) He further argued the state's blood draw was improper. *Id.* The trial court dismissed the petition/addendum on September 4, 2003, pursuant to Ariz. R. Crim. Proc. 32.2(a). (Respondents' answer, Exhibit I.)

Richardson appealed the trial court's denial of his original petition for post-conviction relief on September 6, 2003. (Respondents' answer, p. 4.) The appeal was not filed within the 30-day statutory deadline because the trial court's denial was not timely mailed to Richardson. *Id.*, Exhibit F, p. 3; *See* Ariz Rules of Crim Proc. 32.9(c). Richardson argued (1) counsel was ineffective for failing to file pretrial motions and failing to challenge the blood draw, (2) counsel failed to challenge the nature of the charges, (3) counsel failed to motion the court for discovery, (4) counsel failed to examine the power steering on the van, (5) counsel failed to file a motion for a release hearing, (6) counsel failed to challenge the state's failure to preserve a blood sample for testing, and (7) counsel failed to subject the case to meaningful adversarial testing. *Id.*, Exhibit E. The court of appeals denied the petition on September 10, 2004. *Id.*, Exhibit G.

Richardson filed another petition for post-conviction relief on September 9, 2003. *Id.*, Exhibit J. He again argued the state's blood draw was improper. *Id.* The trial court dismissed the petition on September 19, 2003, pursuant to Ariz. R. Crim. Proc. 32.2(b). *Id.*, Exhibit K. Richardson filed a petition for review on October 22, 2003. *Id.*, Exhibit L. The court of appeals denied review on September 10, 2004. *Id.*, Exhibit M.

On January 10, 2005, Richardson filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [#1]   He asserts the following grounds for relief: (1) his Fourth Amendment rights were violated when he was forced to submit to a blood test; (2) his Sixth Amendment right to counsel was violated because his counsel was ineffective by failing to (a) file for a bail hearing, (b) file a motion for discovery, (c) challenge the blood test, (d) give petitioner the state's discovery related to the blood test, or (e) ask for a mitigated sentence hearing; (3) his Eight Amendment rights were violated when he was held without bail and because his sentence was disparate in comparison to a white person who was similarly situated; and (4) his due process rights were violated during

- 3 -

post-conviction proceedings. *Id.* The respondents filed an answer on April 22, 2005. (Respondents' answer.) They argue Richardson's claims are procedurally defaulted. *Id.* Richardson filed a reply on June 2, 2005. (Reply.)

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.*

If the state court denied the claim on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003).

Federal review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picardy v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v.*

*Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

As his first ground for relief, Richardson argues his rights under the Fourth Amendment were violated when his blood was forcibly taken and tested for alcohol content. Habeas Corpus relief, however, is not available for an alleged Fourth Amendment violation provided the state afforded the petitioner an opportunity to litigate the issue below. *Stone v. Powell*, 428 U.S. 465 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir. 1996). Here, Richardson was provided an opportunity to litigate the issue and did so in his first petition for post-conviction relief. Accordingly, relief is not available on this issue.

In his fourth ground for relief, Richardson argues irregularities in the state's Rule 32 proceeding violated his Fourteenth Amendment due process rights.[2] They did not. The post-conviction review process is not mandated by the federal constitution. Accordingly, any errors in the process do not violate the constitution, and are not addressable through a federal habeas corpus proceeding. *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997), *cert. denied*, 525

---

[2] Richardson further argues counsel failed to file a motion for discovery regarding the blood test. This issue is discussed in the court's analysis of ground two.

U.S. 903 (1998); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

In his third ground for relief, Richardson argues his Eighth Amendment rights were violated when he was held without bail and because his sentence was disparate in comparison to a white person who was similarly situated. These issues were raised in Richardson's first state post-conviction petition and denied by the trial court. (The court assumes *arguendo* they were "fairly presented.") Richardson did not, however, raise these issues before the court of appeals. Accordingly, he failed to properly exhaust these issues. *See Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.2000), as modified 247 F.3d 904 (9th Cir.2001). Moreover, if Richardson returned to state court and attempted to appeal these issues, the court of appeals would refuse to address the merits of the claim for procedural reasons. *See* Ariz. R. Crim. Pro. 32.9(c) (30-day time limit to file petition for review); *State v. Pope*, 635 P.2d 846, 849 (Ariz. 1981) (in banc) (Failure to comply with "the strict time limits" in Rule 32.9 will not be excused by "mere inadvertence or neglect."). These issues are procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir.2002); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir.1989). The issues should be dismissed unless Richardson can show cause and prejudice or a fundamental miscarriage of justice. He cannot.

In his reply brief, Richardson argues generally that he was prejudiced by the trial court's failure to promptly send him its decision denying his first post-conviction petition. It is not clear why the trial court's failure prevented him from exhausting these issues. Richardson eventually filed an appeal. In that appeal, Richardson raised a number of issues relating to his claim that counsel was ineffective. He does not explain why he could not also have raised his Eighth Amendment claim in this appeal, and nothing in the record indicates any possible cause for this omission. Richardson has not shown cause for his procedural default.

Richardson further argues failure to excuse this procedural default would result in a miscarriage of justice. Under this gateway, Richardson must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Richardson argues the blood alcohol evidence against him was flawed, and no reasonable juror would convict him without it. The court does not agree. Even without the blood alcohol evidence, there was evidence that (1) Richardson's van collided with another vehicle while he (Richardson) was driving on the wrong side of the road at 4:30 a.m., (2) Melvin Collemen was injured in the accident, (3) Richardson had the odor of alcohol on his breath, and (4) Richardson was aware his license to drive had been suspended. (Petitioner's reply, Exhibit H.) A reasonable juror could conclude from these facts that Richardson was guilty of the charges against him.[3] Richardson has not shown cause for the default and actual prejudice or that he is actually innocent. *Id.* at 622. This ground for relief therefore should be dismissed.

In the second ground for relief, Richardson argues his Sixth Amendment rights were violated because his counsel was ineffective by failing to (a) file for a bail hearing, (b) file a motion for discovery, (c) challenge the blood test, (d) give petitioner the state's discovery related to the blood draw, or (e) ask for a mitigated sentence hearing. Issues (d) and (e) were presented in Richardson's first post-conviction action but were not raised before the court of appeals. (The court assumes *arguendo* they were "fairly presented" before the trial court.) They are now procedurally defaulted and should be dismissed. *See above*.

Issues (a), (b) and (c) were presented to the court of appeals and are properly exhausted. The trial court and the court of appeals denied relief, but they did not explain their reasoning. Accordingly, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The court concludes the state courts' denial of relief on these issues was not clear error.

---

[3] The elements of aggravated assault include "recklessly causing any physical injury to another person" while "using a deadly weapon or dangerous instrument." A.R.S. § 13-1203; *State v. Pena*, 104 P.3d 873, 875 (Ariz. App. 2005). The elements of aggravated DUI include "driv[ing] any vehicle" "[w]hile under the influence of intoxicating liquor . . . if the person is impaired to the slightest degree" if "the person's driver's license . . . is suspended . . . ." *State v. Brown*, 986 P.2d 239, 241 n. 1 (Ariz. App. 1999).

In issues (a), (b) and (c), Richardson argues counsel was ineffective in his conduct of the case *prior* to Richardson's guilty plea. These arguments, however, may not be raised in a federal petition for writ of habeas corpus. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea constitutes a "break in the chain of events which has preceded it in the criminal process." *Id.* The defendant admits guilt and thereby loses the right to object to any errors which preceded his guilty plea. *Id.* In other words, the plea of guilty "constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Reyes-Platero*, 224 F.3d 1112, 1114 (9th Cir. 2000), *cert. denied*, 531 U.S. 1117 (2001). Accordingly, counsel's failings prior to the plea (assuming there were any) cannot become independent grounds for a subsequent federal habeas petition. *Tollett*, 411 U.S. at 267. The state courts' denial of relief on these issues was not clear error.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

DENYING the Petition for Writ of Habeas Corpus. [#1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CIV 05-0096-PHX-MHM.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 10th day of November, 2005.

/s/ Glenda E. Edmonds
Glenda E. Edmonds
United States Magistrate Judge