IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Henry Richardson, ) | No. CIV 05-0096-PHX-MHM (GEE) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Somberg; et al., ) | |
| Respondents. ) | |

    Petitioner Charles Henry Richardson ("Petitioner") filed a Petition for Habeas Corpus pursuant to Title 28, U.S.C. § 2254 (Dkt. #1). The matter was referred to Magistrate Judge Glenda Edmonds for Report and Recommendation. Following Respondents' Answer, Magistrate Judge Edmonds filed her Report and Recommendation with this Court. (Dkt. #16). Petitioner has filed his Objections (Dkt.#17).

**STANDARD OF REVIEW**

    The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

Petitioner plead guilty to aggravated assault and aggravated driving while under the influence (DUI) pursuant to a plea agreement. (Respondents' Answer, Exhibit A). The court sentenced him to 7.5 years of imprisonment for the aggravated sexual assault and 4 months imprisonment as a condition of probation for the aggravated DUI. (Id, Exhibit F). On November 9, 2001, Petitioner filed a notice of post-conviction relief; he filed the petition on July 24, 2002. (Respondents' Answer, p.3). The trial court denied the petition on September 25, 2002. (Id, Exhibit D). The Petitioner was not mailed a copy of the denial until sometime the following year. (Petitioner's Reply, Exhibit A). On August 21, 2003, Petitioner filed an "Addendum" to his petition. The trial court dismissed the petition/addendum on September 4, 2003 pursuant to Ariz.R.Crim.P 32.2(a). (Respondents' Answer, Exhibit I). Petitioner appealed the denial of his original petition for post-conviction relief on September 6, 2003; however the petition was not filed within the 30-day statutory period and it was ultimately denied by the Arizona Court of Appeals on September 10, 2004. (Id., Exhibits F,G). Petitioner filed another petition for post-conviction relief on September 9, 2003. (Id. Exhibit J). The trial court dismissed the petition on September 19, 2003 pursuant to Ariz.R.Crim.P. 32.2(b). Petitioner then sought a petition or review; however it was dismissed by the Arizona Court of Appeals on September 10, 2004. (Id, Exhibit M).

On January 10, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition"). (Dkt.#1). Petitioner asserts the following grounds of relief: (1) his Fourth Amendment were violated when he was forced to submit to a blood test; (2) his Sixth Amendment rights were violated because his counsel was ineffective by failing to (a) file for a bail hearing, (b) file a motion for discovery, (c) challenge the blood test, (d) give Petitioner the state's discovery related to the blood test, or (e) ask for a mitigated sentence hearing; (3) his Eighth Amendment rights were violated when he was held without bail because his sentence was disparate in comparison to a white person who was similarly situated and (4) his due process rights were violated during post-conviction proceedings. In reviewing

Petitioner's claim for relief, Magistrate Edmonds concludes that Petitioner states no claim for relief. Petitioner offers objections.

### A. Claim One: Petitioner's Fourth Amendment Claim

Petitioner contends that his Fourth Amendment rights were violated when his blood was forcibly taken and tested for alcohol content. However, as Magistrate Judge Edmonds notes, habeas corpus relief is not available for an alleged Fourth Amendment violation provided the state afforded the petitioner an opportunity to litigate the issue. Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037 (1976). Petitioner was granted such an opportunity and did so in his first petition for post-conviction relief. Moreover, Petitioner offers no objection stating that he was denied a full and fair opportunity to assert his argument addressing the forcible taking of his blood by authorities. As such, claim one of the Petition is without merit.

### B. Claim Four: Irregularities in State's Rule 32 Proceeding

Petitioner contends that his due process rights were violated during post-conviction proceedings. However, Petitioner fails to recognize that the post-conviction process is not mandated by the federal constitution. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert denied, 525 U.S. 903 (1998) (holding that errors concerning state post-conviction process are not cognizable in federal habeas proceeding). Plaintiff offers no relevant objection to rebut this principle. Thus, claim four of the Petition fails.

### C. Claim Three: Violation of Petitioner's Eighth Amendment Rights

Petitioner contends that his Eighth Amendment rights were violated when he was held without bail and because his sentence was disparate in comparison to a white person who was similarly situated. Although Petitioner raised this argument in support of his first post-conviction petition in front of the trial court, Petitioner did not raise this argument before the Arizona Court of Appeals. As such, Petitioner failed to exhaust this claim. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by*, 247 F.3d 904 (9th Cir. 2001). Thus, Petitioner's claim is procedurally defaulted and should be dismissed unless he can make a sufficient showing that the Court should hear the claim. See Edwards v. Carpenter,

1 529 U.S. 446, 451, 120 S.Ct. 1587 (2000) (noting that federal court will not consider a claim 2 that has been procedurally defaulted unless petitioner shows both "cause" and "prejudice" 3 or demonstrates that failure to consider the claim will result in a fundamental miscarriage of 4 justice). However, the record does not suggest that such circumstances exist.

5 First, Petitioner makes no relevant argument explaining why he could not raise his 6 Eighth Amendment claim to the Arizona Court of Appeals. As such, Plaintiff cannot show 7 "cause" and "prejudice."

8 Second, Petitioner fails to demonstrate that denial will result in a "miscarriage of 9 justice." Petitioner argues at length in his objection to the Magistrate Judge's Report and 10 Recommendation that no reasonable juror could have convicted him. See Bousley v. United 11 States, 523 U.S. 614, 623 (1998) (stating that to make sufficient showing of "miscarriage of 12 justice" petitioner must show that "in light of all the evidence, it more likely than not that no 13 reasonable juror would have convicted him"). Petitioner relies on the results of the blood 14 alcohol examination administered, which he claims are inaccurate and flawed as the results 15 of the exam may in fact belong to another individual. (Petitioner's Objections, Exhibits D 16 and D1). However, even if the results of the blood alcohol examination administered to 17 Petitioner are somehow flawed, there is other evidence supporting the charges and 18 conviction. For instance, there is evidence that: (1) Petitioner was driving his van on the 19 wrong side of the road on a one way street at approximately 4:30 a.m. when he collided with 20 another vehicle injuring the other driver; (2) Petitioner was driving on a suspended driver's 21 license at the time of the accident and knew that his license had been suspended; and (3) 22 Petitioner had the odor or alcohol on his breath. (Petitioner's Reply, Exhibit H). Based upon 23 these circumstances alone, a reasonable juror could conclude that Petitioner was guilty of the

charges of aggravated assault and aggravated DUI.[1]  As such, claim three fails as it is procedurally defaulted.

**D.     Claim Two: Violation of Petitioner's Sixth Amendment Rights**

Petitioner raises several grounds in support of claim two of his Petition. Specifically, Petitioner argues his Sixth Amendment rights were violated because his counsel was ineffective by failing to: (a) file for a bail hearing; (b) file a motion for discovery; (c) challenge the blood test; (d) give petitioner the state's discovery related to the blood draw; or (e) ask for a mitigating sentence. As noted by the Magistrate Judge, elements (d) and (e) of Petitioner's claim are procedurally defaulted as Petitioner did not raise them with the Arizona Court of Appeals and there is no basis to excuse such failure. See Lyons, 232 F.3d at 668.

Further, elements (a) through (c) of Petitioner's claim relate to counsel's conduct prior to Petitioner's entry of his guilty plea. As such, these elements are not a proper basis for a federal habeas corpus petition. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that where defendant admits guilt, he or she loses the right to object to errors which precede the guilty plea). Specifically, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [inadequate]." United States v. Reyes-Platero, 224 F.3d 1112, 1115 (9th Cir. 2000) (citing Tollett, 411 U.S. at 267). Here, Petitioner does not raise issue with the advice he received from counsel but rather contests counsel's conduct in failing to raise certain motions prior to Petitioner's plea

---

[1] The elements of Aggravated Assault include "recklessly causing any physical injury to another person" while "using a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203 and 1204. The elements of aggravated DUI includes driving a vehicle "while under the influence of intoxicating liquor" while "the person's driver's license is suspended..." State v. Brown, 986 P.2d 239, 241 n.1 (Ariz.App. 1999).

1 agreement. Under such circumstances, Petitioner's claims in support of his Sixth Amendment
2 claim are not persuasive.
3     Moreover, even if Petitioner challenged the advice he received from counsel, his claim
4 still fails. To attack the advice from counsel, Petitioner must show that the advice was not
5 within the range of competence demanded of attorneys in criminal cases. Lambert v.
6 Blodgett, 393 F.3d 943, 979 (9th Cir. 2004). To establish such an ineffective assistance of
7 claim, Petitioner must show that counsel's performance was both deficient and prejudicial.
8 Strickland v. Washington, 466 U.S. 668, 686-93, 104 S.Ct. 2052 (1984). To establish the
9 first prong, Petitioner must show that counsel's performance fell below an "objective standard
10 of reasonableness." Id. at 687-88. Second, Petitioner must show that he was prejudiced, *i.e.*,
11 that "there is a reasonable probability that, but for counsel's unprofessional errors, the result
12 of the proceeding would have been different." Id. at 694. As discussed above, even if
13 Petitioner's counsel fell below the applicable standard of care by not invalidating Petitioner's
14 blood results, assuming they are invalid, there is other evidence supporting Petitioner's guilt
15 and punishment. This Court cannot say that the result of the proceedings would have been
16 different. Thus, claim four of the Petition fails.
17     **Accordingly,**
18     **IT IS HEREBY ORDERED** that the Court hereby adopts the Magistrate Judge's
19 Report and Recommendation as the Order of the Court. (Dkt.#16).
20     **IT IS FURTHER ORDERED** overruling Petitioner's objections to the Report and
21 Recommendation. (Dkt.#17).
22     **IT IS FURTHER ORDERED** granting Petitioner's Motion for Status (Dkt.#18) and
23 Motion for Ruling (Dkt.#19) to the extent that this Order informs Petitioner of the status of
24 his Petition and of the Court's ruling.
25     **IT IS FURTHER ORDERED** denying Petitioner's writ of habeas corpus pursuant
26 to 28 U.S.C. § 2254. (Dkt.#1).
27 / / /
28

1  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
2  accordingly.
3  DATED this 25th day of August, 2006.

_____
Mary H. Murguia
United States District Judge